# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN C. THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3233** |
| **JOHN NOWAK** | **SECTION "I"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Steven Thomas, is incarcerated in the Nelson Coleman Correctional Center in Killona, Louisiana.[2] Thomas was charged by bill of information in Jefferson Parish on May 11, 2006, with being a felon in possession of a weapon.[3] The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

> At trial, Officer Leon James and Deputy Harley Smith, both with the Jefferson Parish Sheriff's Office, testified that, on May 1, 2006, at approximately 8:00 p.m., they were on proactive patrol in the Woodmere subdivision on the Westbank of Jefferson Parish, a high crime area. Officer James and Deputy Smith both testified that they saw the Defendant and another individual, later identified as Harold Banks, standing near an apartment building, located near 2241 Alex Kornman Boulevard, which displayed a no loitering sign.
> According to Officer James, one of the individuals, later identified as the Defendant, appeared to be flagging down motorists. Officer James testified that he thought the Defendant was trying to get the attention of the driver of a vehicle on the street. According to Officer James, he did not observe the Defendant with any weapons, contraband, or money in his hand. Both Officer James and Deputy Smith testified that no vehicle stopped in response to the Defendant. Subsequently, Officer James and his partner exited their marked police vehicle to investigate. Deputy Smith testified that he intended to question the Defendant to determine whether he was loitering, and because he was flagging down vehicles.
> Both Officer James and Deputy Smith testified that, as they started to approach, the Defendant and Banks noticed them, and the Defendant turned around and started to walk away. Deputy Smith testified that he saw the Defendant quickly place his hand under his shirt and move it around to

---
[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 4, Bill of Information, 5/11/06.

his back. Deputy Smith testified that he ordered the Defendant to stop, return to the police vehicle, and place his hands on it. The Defendant complied. According to Deputy Smith, because he did not know what the Defendant reached for under his shirt, he conducted a Terry pat-down for weapons for officer safety.

Deputy Smith testified that he initially felt the front pockets of the Defendant's outer clothing even though he had seen Defendant's hand move to the back. During the pat-down, he felt a large bulge in the Defendant's right front pocket. Although he testified that he did not at that time think it was a weapon, he reached into the Defendant's pants pocket and retrieved the object. At trial, Deputy Smith testified that the object he recovered from the Defendant's pocket was marijuana.

Deputy Smith testified that he continued searching the Defendant and felt "a hard object in the [Defendant's] waistband." Deputy Smith testified that he "retrieved the hard object." Deputy Smith identified, in court, the 9-millimeter Luger he recovered from the Defendant's waistband. According to Deputy Smith, after the gun and marijuana were recovered, the Defendant told him that the gun belonged to his friend.

Larry McGaha, the owner of the building located at 4221 Alex Kornman, testified that to his knowledge the Defendant was a resident of the building in May 2006. McGaha also testified that the building has never had a "no trespassing" sign posted on it since he bought it in 1991.

Kendra Camese, and Jameiss Dillon, former neighbors of the Defendant, and Yamini Nukhtar testified for the defense, all stating that the building Defendant was standing in front of when stopped has never had a "no loitering" sign posted on it. Camese and Dillon testified that the Defendant was not waving at cars, and he did not try and walk off when the officers arrived. Rather, as soon as the officers exited their vehicle, they told the Defendant to put his hands on the officer's car. The officer immediately searched the Defendant. They also testified that they did not see the officer take anything out of the Defendant's pocket and did not see them find a gun on the Defendant.

State v. Thomas, 8 So.3d 646, 649-50 (La. App. 5th Cir. 2009); State Record Volume 4 of 4, Louisiana Fifth Circuit Opinion, 08-KA-521, pp. 3-5, January 27, 2009.

Prior to trial, Thomas's counsel filed a motion to suppress the evidence, alleging that the evidence was not seized in connection with a valid arrest or search.[4] After two hearings, the state trial court denied the motion to suppress on October 5, 2006.[5]

Thomas's counsel filed a writ application in the Louisiana Fifth Circuit Court of Appeal seeking review of the denial of the motion.[6] The court denied the writ application, noting that the application did not comply with the court's rules regarding supporting documentation and that counsel failed to comply with the court's order to supplement.[7]

Thomas was tried before a jury on March 13, 2007, and was found guilty as charged.[8] Thomas's counsel filed a notice of appeal.[9] On April 11, 2007, the state trial court sentenced Thomas to serve 13 years in prison.[10]

---

[4] St. Rec. Vol. 1 of 4, Motion to Suppress, 10/3/06.

[5] St. Rec. Vol. 1 of 4, Minute Entry, 10/3/06; Minute Entry, 10/4/06; Trial Court Judgment, 10/5/06; St. Rec. Vol. 2 of 4, Motion Hearing Transcript, 10/3/06; Motion Hearing Transcript, 10/4/06.

[6] St. Rec. Vol. 1 of 4, Copy of 5th Cir. Writ Application, 06-K-845, 11/7/06.

[7] St. Rec. Vol. 1 of 4, 5th Cir. Order, 06-K-845, 12/12/06.

[8] St. Rec. Vol. 1 of 4, Trial Minutes, 3/13/07; Jury Verdict, 3/13/07; St. Rec. Vol. 2 of 4, Trial Transcript, 3/13/07.

[9] St. Rec. Vol. 1 of 4, Notice of Appeal, 4/4/07.

[10] St. Rec. Vol. 1 of 4, Sentencing Minutes, 4/11/07; St. Rec. Vol. 2 of 4, Sentencing Transcript, 4/11/07.

On November 29, 2007, the clerk of the state trial court filed a motion to have Thomas's appeal dismissed for failure to pay the estimated appeal costs.[11] After a hearing on February 13, 2008, the court dismissed the appeal by judgment issued April 7, 2008.[12] In the meantime, on April 4, 2008, the state trial court granted Thomas another appeal and appointed him counsel.[13]

On appeal to the Louisiana Fifth Circuit, Thomas's counsel raised two grounds for relief, in addition to a request for an errors patent review:[14] (1) The trial court erred in denying the motion to suppress because the officers did not have probable cause to stop him and the search was not justified. (2) The trial court erred in limiting the defense presentation of mistake of fact and/or law regarding his knowledge that he could not carry a gun more than 10 years after his previous conviction. The court affirmed the conviction on January 27, 2009, finding no merit in Thomas's claims.[15]

---

[11]St. Rec. Vol. 1 of 4, Motion to Dismiss Appeal, 11/29/07.

[12]St. Rec. Vol. 1 of 4, Minute Entry, 2/13/08; Trial Court Judgment, 4/7/08.

[13]St. Rec. Vol. 1 of 4, Trial Court Order, 4/4/08.

[14]St. Rec. Vol. 2 of 4, Appeal Brief, 2008-KA-0521, 9/15/08; State v. Thomas, 8 So.3d at 646; St. Rec. Vol. 4 of 4, 5th Cir. Opinion, 08-KA-521, 1/27/09.

[15]State v. Thomas, 8 So.3d at 646; 386, 387; St. Rec. Vol. 4 of 4, 5th Cir. Opinion, 08-KA-521, 1/27/09. The appellate court also ordered the state trial court to notify Thomas of his post-conviction deadlines. One judge entered a dissenting opinion.

On February 2, 2009, Thomas filed a timely[16] writ application with the Louisiana Supreme Court seeking review of the appellate court's ruling, without designating any particular errors or grounds for relief.[17] In his supplements to the application, he argued that he was subjected to an illegal stop and that the officers created and presented fraudulent evidence in an effort to justify the stop.[18] As of this writing, the Louisiana Supreme Court has not ruled on the writ application and the subject conviction is not yet final.[19]

## II.    FEDERAL HABEAS PETITION

On April 6, 2009, the clerk of this court filed Thomas's petition for federal habeas corpus relief, in which he states as his grounds for relief that "I would like to raise the same grounds that I raised in the Fifth Circuit Court of Appeals, and a credibility issue."[20] Construing his petition, the attached memorandum, and the referenced state court appeal broadly, Thomas raises the following grounds for relief in this court: (1) The trial court

---

[16] Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the appellate court's judgment to file a writ application in, or mail one to, the Louisiana Supreme Court.

[17] St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 09-KO-391, 2/18/09 (signed 2/6/09); La. S. Ct. Letter, 2009-KO-391, 2/18/09.

[18] St. Rec. Vol. 4 of 4, Supplement to Writ Application, 09-KO-391, 4/1/09; Supplement to Writ Application, 09-KO-391, 4/7/09.

[19] A member of the Court's staff contacted the clerk of the Louisiana Supreme Court on September 15, 2009, to confirm that no opinion has been released.

[20] Rec. Doc. No. 1, p. 5.

6

erred in denying the motion to suppress because the officers did not have probable cause to stop him and the search was not justified. (2) The trial court erred in limiting his presentation of a defense of mistake of fact and/or law regarding his knowledge that he could not carry a gun more than 10 years after his previous conviction. (3) The "credibility issue" appears to be whether Officer James was truthful in answering questions by defense counsel regarding whether he knew Thomas was a convicted felon before the arrest. (4) He was subjected to an illegal stop and the officers created and presented fraudulent evidence in an effort to justify the stop.

The State filed a response in opposition to Thomas's petition, alleging that Thomas has failed to exhaust state court remedies because his writ application is still pending in the Louisiana Supreme Court and because that application does not urge all of the claims presented to this court.[21]

Thomas filed a reply to the State's response memorandum, asking the court to consider his claims in the posture presented.[22]

---

[21]Rec. Doc. No. 7.

[22]Rec. Doc. No. 8.

III.    GENERAL STANDARDS OF REVIEW

AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[23] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Thomas's petition, which, for reasons discussed below, is deemed filed in this federal court on March 31, 2009.[24]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and

---

[23]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Thomas's petition was filed by the clerk of court on April 6, 2009, when he paid the filing fee. Thomas dated his signature on the petition on March 31, 2009, which I consider the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

8

must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Thomas has failed to exhaust state court remedies because his sole writ application to the Louisiana Supreme Court is still pending. In addition, he raises claims in this court that either are not presently before the Louisiana Supreme Court or have not previously been raised in any state court.

IV.     EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review

when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Thomas must have fairly presented the same claims and legal theories he urges in this federal court to the Louisiana Supreme Court and given that court an opportunity to address those claims. The record reflects that Thomas has failed to allow the Louisiana Supreme Court to complete a full and proper review of his pending writ application.

Furthermore, in his Louisiana Supreme Court writ application, Thomas argued that he was subject to an illegal stop and that the State and the officers created and presented

fraudulent evidence in an effort to justify the stop. This claim is included in his federal habeas corpus petition and I have listed it above as the fourth claim. However, the record indicates that Thomas did not ask the Louisiana Supreme Court to consider the other claims now before this court, specifically whether the trial court erred in denying the motion to suppress, whether the trial court erred in limiting his presentation of a defense of mistake of fact and/or law, and whether Officer James was truthful in answering questions by defense counsel regarding his knowledge that Thomas was a convicted felon before the arrest. In fact, it appears that the last claim has not been presented to any state court for consideration. Therefore, even if the Louisiana Supreme Court ruled on the pending writ application, Thomas would not have fully exhausted state court remedies as to all of the claims raised in this petition.

The record discloses no good cause for Thomas's failure to exhaust these claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005). In his reply to the State's opposition, Thomas alleged that he filed this federal petition in an effort to meet the filing deadlines given to him to secure post-conviction review. I note, however, that Thomas's conviction is not yet final, so that the AEDPA statute of limitations period has not yet begun to run against him.

Thomas also mentioned in his reply that he filed his federal petition because he had concerns about whether his 2006 writ application challenging the denial of the

motion to suppress actually received adequate review in light of "the discovered evidence of the Director of Central Staff, Jerold B. Peterson, suicide note on procedures." This appears to be a reference to matters addressed to the Louisiana Supreme Court in <u>State v. Cordero</u>, 993 So.2d 203 (La. 2008). In that case, the court addressed accusations by Peterson in his suicide note that, during his tenure, the Louisiana Fifth Circuit issued summary dismissals without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit. Thomas's concern appears to be baseless, since his 2006 writ application was neither pro se nor post-conviction.

Having shown no good cause for his failure to exhaust, this petition must be dismissed without prejudice to require Thomas to exhaust available state court remedies. <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004) (quoting <u>Rose</u>, 455 U.S. at 510); <u>Whitehead</u>, 157 F.3d at 387.

## **RECOMMENDATION**

It is **RECOMMENDED** that Steven C. Thomas's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  15th  day of September, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE